UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT ROMAN,

        Plaintiff,

v.                                       Case No. 8:22-cv-0241-KKM-CPT

FIRE LIFE SAFETY AMERICA, INC.,

        Defendants.
_____

## ORDER

On three previous occasions, this Court has dismissed pro se Plaintiff Gilbert Roman's complaints for failing to adequately allege jurisdiction and because each of those complaints constituted impermissible shotgun pleadings. (Doc. 5; Doc. 7; Doc. 16.) Upon review, the Court concludes that Roman's Third Amended Complaint again fails to adequately allege jurisdiction, constitutes an impermissible shotgun pleading, and is improperly formatted under the Local Rules. The Court therefore dismisses Roman's Third Amended Complaint with prejudice.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and

there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The former is known as federal-question jurisdiction; the latter is known as diversity jurisdiction. Here, Roman fails to adequately allege a sufficient basis to establish either. Presumably, given the causes of action, Roman is attempting to allege diversity jurisdiction under § 1332(a). *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) ("[D]iversity jurisdiction is determined at the time of filing the complaint . . . ." (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016))). Roman's Third Amended Complaint again fails to include any information about Fire Life Safety America's principal place of business, which is required to determine the citizenship of a corporation. (Doc. 20 at 1); *see* § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated *and* . . . where it has its principal place of business." (emphasis added)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (concluding the phrase "principle place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities" known as the corporation's "nerve center"). Once again, therefore, the Court is unable to properly assess whether it has jurisdiction over Roman's claims.

Roman's Third Amended Complaint also constitutes an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir.

2

2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Roman's Third Amended Complaint includes four causes of action, (Doc. 20 at 3–8), but Roman fails to identify the legal elements for any of the four claims or to allege sufficient factual allegations relating to those elements to state a claim for relief. *See* Fed. R. Civ. P. 8(a). Roman's Third Amended Complaint has the "unifying characteristic" of all shotgun pleadings: it fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Admittedly, Roman's Third Amended Complaint, unlike his initial complaints, does break out his allegations into numbered paragraphs and includes at least some factual allegations

under each claim. But these factual allegations are not clearly connected to the legal elements for each of Roman's claims. It is not at all "obvious" how Roman's various vague and conclusory allegations under each of his four claims relate to the legal elements of his various claims. *See Weiland*, 792 F.3d at 1323. Therefore, Roman's Third Amended Complaint constitutes an impermissible shotgun pleading because it fails to give Defendant Fire Life Safety America adequate notice of the legal claims against them.

The Eleventh Circuit has explained that shotgun complaints are "altogether unacceptable," as they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). Although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Arrington v. Green*, 757 Fed. App'x 796, 797 (11th Cir. 2018); *see Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that a district court must "sua sponte allow a litigant one chance to remedy such deficiencies" in the circumstance of a non-merits dismissal on shotgun pleading grounds).

As a final note, Roman's Third Amended Complaint, like each of his previous complaints, violates the Local Rules. Local Rule 1.08 lays out the formatting requirements for pleadings, motions, and other papers filed in the Middle District of Florida. Here, the

4

Third Amended Complaint's typeface, font size, and margins each violate Local Rule 1.08. (Doc. 20.)

The Court previously warned Roman that it would give him one final opportunity to amend—his third opportunity. (Doc. 16 at 7); *see Vibe Micro*, 878 F.3d at 1295 (explaining that a district court must give at least one opportunity to amend following the sua sponte dismissal of a shotgun pleading). Because Roman's Third Amended Complaint again fails to allege jurisdiction and fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and with the formatting requirements of the Local Rules, the Court dismisses Roman's Third Amended Complaint with prejudice.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Third Amended Complaint (Doc. 20) is **DISMISSED with prejudice.**

(2) The Clerk is directed to enter judgment in favor of the defendants, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Tampa, Florida, on April 21, 2022.

Kathryn Kimball Mizelle
United States District Judge